TOWN OF GREENWOOD v. DELTA BANK.

PRIVILEGE TAX. *Municipalities.* Code 1892, § 2972.

    Municipalities, operating under chapter 93 of the code of 1892, may, under § 2972 thereof, impose a license tax as therein provided, only upon such callings, trades, professions and occupations as are so taxed by the state.

FROM the circuit court of Leflore county.
HON. F. A. MONTGOMERY, Judge.

The town of Greenwood, whose municipal charter is chapter 93 of the code of 1892, in April, 1893, levied a privilege tax, claiming authority so to do under § 2972 of the code, upon banks doing business in the limits of the town. The appellee refused to pay the tax, and the town, in December, 1896, sued it for the amounts, aggregating $300, which was claimed for the years 1893, 1894, 1895 and 1896, under the levy. A demurrer to the declaration was sustained by the court below, and the town appealed.

*Williamson, Humphries & Gwin,* for appellant.

Section 2972 of the code of 1892 confers upon appellant the power "to levy and collect a license tax upon and regulate all callings, trades, professions, and occupations conducted, pursued, carried on or operated within the limits of the city or town, the same not to exceed fifty per centum of the state license tax levied upon the same callings, trades, and professions." The grant of power by the first clause of this section is broad and sweeping in its terms, authorizing the taxation by appellant of "all" occupations. Then follows the last clause, restricting this comprehensive grant only as to the amount of the tax which may be lawfully levied upon those particular occupations already taxed by the state, but as to those occupations which the state has not seen fit to tax, the restricting clause is silent, placing no restriction upon the power previously granted. Section 3412 of the code is *in pari materia* with this last clause of § 2972, and is virtually a re-enactment of that clause. It provides that "the privileges taxed as above provided, shall not be taxed by the board of supervisors of any county, nor shall they be subject to taxation by any municipality to an amount exceeding fifty per centum of the state tax above specified, unless expressly provided for by law. And a tax shall not be levied by county or municipal authorities on the privilege tax imposed on insurance, telegraph, express, or sleeping car companies, which shall pay the tax levied as above

directly to the state treasurer and receive license from the auditor of public accounts; '' going a step further and placing another restriction upon the taxing power of municipal corporations to tax the occupations on which no privilege tax is imposed by the state, and in nowise restricts the authority of such corporations as to the class of occupations which, under the general grant contained in § 2972, they are empowered to tax; it restricts the grant of power previously conferred by § 2972 only as to the amount of municipal taxes to be levied upon the '' privileges as above provided; '' but no tax on banks is provided, so that it would be necessary to extend the scope of the restrictive section by a liberal application in order to bring this case within its provisions; and we contend that the rules of law applicable to the construction of such statutes will not permit of the extension.

*A. McC. Kimbrough*, for appellee.

The mayor and board of aldermen had no authority to declare in force an ordinance whereby a privilege tax of seventy-five dollars per annum was levied against or on appellee. I suppose that there is no controversy over the proposition that all laws delegating powers to municipalities and the imposition of taxes, are to be construed strictly. *Leonard* v. *City of Canton*, 35 Miss., 189; 15 Am. & Eng. Enc. L., 1037, 1040, 1041; 25 *Ib.*, 482; *Latta* v. *Williams*, 87 N. C., 126. Statutes imposing such taxes, privilege taxes, must be strictly construed. *Bangle* v. *Holden*, 52 Miss., 804. ''A law imposing a privilege tax must be construed favorably to the citizen, and no occupation is to be taxed unless clearly within the provision of the law.'' *Vicksburg, etc., R. R. Co.* v. *State*, 62 Miss., 105; *Harness* v. *Williams*, 64 Miss., 600.

The power to tax belongs to and is inherent in the sovereign power of the state, and is not in municipal corporations, and can be exercised by them only when delegated by the legislature in plain and unmistakable terms; it is only by grant that

it is vested in a municipality. *Beck* v. *Allen*, 58 Miss., 143; 25 Am. & Eng. Enc. L., 580, note 4; *I b.*, 186; 51 Miss., 807. In *Baker* v. *Panola County*, 30 Texas, 87, it was held that under a statute authorizing counties to levy and collect taxes upon all subjects of taxation on which a tax may be levied by the state, if the state law omits to enumerate any particular thing or pursuit as subject to state taxation, it is not taxable by the county.

*Rush & Gardner*, on same side.

The town is operating under the code municipal chapter, and claims the right to pass the ordinance under § 2972. We think this section on its face fails to support the town in this respect. The town seems to place special stress on the word " all " in the second line of said section, but seems to attach no importance to the word " same " in the last, or next to the last, line of said section. When the whole section is considered, we think it is evident that it means that all callings, trades, etc., on which the state levies a privilege tax, the town may levy a privilege tax not to exceed fifty per centum of the state's. " The power to tax occupations is peculiarly subject to the rule of strict construction, and any exaction of such a tax not authorized by such a construction of the statute will be denied." Beach on Public Corporations, vol. 2, sec. 1388, citing *Latta* v. *Williams*, 87 N. C.; *Robinson* v. *Franklin*, 1 Hum., 156; *St. Louis* v. *Laughlin*, 49 Mo.; 29 Iowa, 9; 16 S. C., 47; Cooley on Taxation, 387; 15 Am. & Eng. Enc. L., 1041, 1042; *Leonard* v. *City of Canton*, 35 Miss., 189. " It is a well-settled rule in regard to acts of incorporation, that they must be strictly construed, and especially municipal corporations," etc. 35 Miss., 189, 190.

WHITFIELD, J., delivered the opinion of the court.

Section 2972 of the code of 1892 gives to municipalities coming under the provisions of chapter 93 of said code, power to

levy and collect a license tax upon all "callings, trades, professions and occupations conducted . . . within the limits of said town, the same not to exceed fifty per centum of the state license tax levied upon the same callings, trades and professions." The meaning plainly is that a town shall have power to levy the license tax upon such occupations, callings, etc., as the state shall have levied a license tax upon. The rate for the town shall not exceed "fifty per centum of the state license tax upon the same callings," etc. The words, "same callings," etc., in the last line of the section, are decisive of the true construction, and plainly show that it was not left to the town to select the callings, occupations, etc., which form the class subject to the license tax. The state does that, and when it does it, and imposes the state license tax upon them, then the town may levy an "additional" license tax upon these "same callings, occupations," etc. Not this only, but the town is to be limited in its levy to one-half the state license tax. The very ingenious, but unsound, contention of learned counsel for appellant would result in giving the town not only the power of selecting the occupations, etc., to be subjected to a license tax, but the power as to amount—to impose a license tax of any amount it chose. The legislature could never have intended this.

*Affirmed.*