GIDEON HARRIS ET AL. *v.* CITY OF WATER VALLEY.

1. MUNICIPALITIES.   *Privilege tax.   Meat markets.   Code* 1892, §§ 2935, 2972.

   Municipalities can only impose a privilege tax on meat markets equal to one-half the state privilege tax thereon.   Code 1892, §§ 2935, 2972; *Biloxi* v. *Borries, ante,* p. 657.

2. SAME.   *Code* 1892, *ch.* 93.

   When a municipality comes under the operation of chapter 93 of the code 1892, entitled "Municipalities," all of its powers under its original charter cease, save such as are kept alive by the provisions of that chapter.

FROM the circuit court, second district, of Yalobusha county. HON. Z. M. SPEPHENS, Judge.

Harris and another, appellants, were prosecuted for and convicted of a violation of an ordinance of the city of Water Valley, the appellee.   The prosecution was begun before the police justice of said city, appealed thence to the circuit court, and, upon conviction in the circuit court, the appellants appealed to the supreme court.   The opinion otherwise states the case.

*Brewer & Wilson,* for appellants.

Since the adoption of the code of 1892, and the failure of the city to pass an ordinance declining to come in under the chapter on municipalities, of which the court will take judicial notice, it forfeited the old charter, and the code chapter is its charter, and under the present law it has no authority to tax butchers or to impose a privilege tax exceeding one-half the state privilege tax on meat markets.   *Porter* v. *Water Valley,* 70 Miss., 560, was decided under the old charter.

*Kimmons & Kimmons,* for appellee.

The appellants are not prosecuted, as their attorneys seem to think, for failure to pay a privilege tax; they are proceeded

against for maintaining a meat market without a license.     Full power is given the city to regulate the vending of meats and to prohibit the establishment of markets and market places with-out permission of the municipal authorities.  Code 1892, § 2935; 1 Dillon on Mun. Corp. (3d ed.), sec. 380; *Porter* v. *City of Water Valley*, 70 Miss., 560.   The case last cited passed upon and adjudged valid the ordinance now in question.

TERRAL, J., delivered the opinion of the court.

The appellants, Harris and White, were prosecuted in March, 1900, for selling by retail, within the city of Water Valley, fresh meats, mutton, beef and pork, etc., without a license from the city.   They had a state license for carrying on a meat market, which, in the city of Water Valley, a city of less than five thousand inhabitants, is fixed at $5, and they offered the city authorities $2.50 for a city license, which latter sum the city refused to receive, but demanded $20 license fee.   That city, previous to the adoption of the annotated code, exercised its prerogatives under a charter which authorized it to fix, at its discretion, the amount of the license to be paid for selling fresh meats within the city; and *Porter* v. *City of Water Valley*, 70 Miss., held that a license fee like the one in question was a valid exercise of municipal authority.   But since the adoption of chapter 93, on municipalities, of the code of 1892 the city of Water Valley has elected to come under the provisions thereof, and by its provisions the old charter of the city is an-nulled, and *Porter* v. *City of Water Valley* is inapplicable.

Under the privilege license law in force in 1900, meat markets are licensed by the state to be conducted, in cities of less than five thousand inhabitants, at a license tax of five dol-lars per annum, and municipalities, under § 2972, can only levy for the city license tax a sum not exceeding one-half of the state license tax.   When the city of Water Valley came under the operation of chapter 93 of the code of 1892, all of its power under its original charter, except as kept alive by

the provisions of that chapter, was annulled, and after such time its authority is limited by that chapter. *Town of Greenwood* v. *Delta Bank*, 75 Miss., 162; *Borries* v. *City of Biloxi*, decided at this term. *Ante*, 657.

*The judgment of the circuit court is reversed and the case is remanded.*